STEPHEN GAYNOR ET AL., PROSECUTORS, v. J. MARTIN ROLL.

Submitted December 3, 1909—Decided January 13, 1910.

1. An ordinance which imposes a license fee of $250, not for revenue but in the exercise of a police power "to license and regulate," is an unreasonable exercise of such power.
2. The charter of the village of South Orange gives it no express power to license or regulate the carrying on of the business or occupation of bill poster, and the powers "which by law belong to" the members of the township committee of the several townships of this state, and which it is claimed were conferred upon the village trustees of South Orange by its charter, are limited, if lawfully granted, to the powers then belonging to township committees.

On *certiorari.*

Before Justices REED, BERGEN and MINTURN.

For the prosecutors, *John R. Hardin.*

For the defendant, *Thomas A. Davis.*

The opinion of the court was delivered by

BERGEN, J. The municipality of the village of South Orange adopted an ordinance prohibiting anyone from carrying on the business or occupation of "bill poster" within the limits of the village unless first licensed, upon payment of $250 for a year, or any portion of a year, all licenses to terminate December 31st of each year, with a penalty of $100 for each violation of the ordinance.

The prosecutors were engaged in the business which the ordinance forbids, and continued to carry it on after the ordinance was adopted without obtaining a license, whereupon proceedings were instituted against them charging a violation of the ordinance, which proceedings this writ seeks to review.

It is admitted by counsel for defendant that the charter of South Orange (*Pamph. L.* 1872, *p.* 1203) does not in ex-

press terms grant the power to adopt the ordinance in question, but it is argued that as it confers upon the village trustees the powers and duties which by law belong to, or are imposed upon, township committees in this state, and that as township committees were subsequently given power to pass ordinances to license and regulate the business or occupation of bill posters (*Pamph. L.* 1905, *p.* 360), such subsequently delegated legislative power to township committees became a part of the charter of South Orange.

Assuming the legislation to be constitutional, I am of the opinion that the charter conferred only such powers as were then possessed by township committees, and that its charter was not enlarged by the act of 1905. That act does not mention, either in its title or body, villages, a class of municipalities of which South Orange is one, and it ought not to be considered as amending the charter of a municipality to which it does not refer by classification or name. The powers given to the trustees of South Orange cannot be enlarged by subsequent legislation without an express intention to do so is displayed in the act appealed to for such additional powers. The ordinance would be illegal if the act of 1905 did apply. That act authorizes township committees and the governing body of other municipalities named "to license and regulate" bill posters and other occupations enumerated. The power to regulate does not authorize the imposition of a tax for revenue, and the power to license is of the same nature as the power to regulate, and therefore all the power conferred by the act of 1905 is a police and not a taxing power (*State, Benson,* v. *Hoboken,* 4 *Vroom* 280; *North Hudson Co. Railway* v. *Hoboken,* 12 *Id.* 71; *Margolies* v. *Atlantic City,* 38 *Id.* 82), and a license fee of $250 is beyond the reasonable expense of issuing the license and regulating the thing licensed, and therefore an unreasonable exercise of police powers.

Whether municipal powers could be granted by reference to another statute only, even prior to the constitutional amendments of 1875, is not considered or passed upon.

The proceedings against the prosecutors of this writ are illegal, and will be set aside.